813 F.2d 1229
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Appellee,
v.
Samuel Joseph SPURLOCK, Appellant.
 No. 86-5027.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 15, 1986.
Decided March 11, 1987.
 
 Before RUSSELL, WIDENER and MURNAGHAN, Circuit Judges.
 Eric W. Ruschky, Assistant United States Attorney, for appellee.
 John H. Hare, Assistant Federal Public Defender, for appellant.
 PER CURIAM:
 
 
 1
 The defendant, Samuel Joseph Spurlock, was indicted on two counts. He ultimately pleaded guilty under 18 U.S.C. App. Sec. 1202(a)(1). The indictment charged the defendant with illegal possession of four firearms: (1) a Colt .45 caliber pistol, (2) a Marlin .44 caliber rifle, (3) a Mossberg .22 caliber rifle, and (4) an Iver-Johnson shotgun. The defendant retained the right to appeal to contest the validity of the warrant which led to the presence on the scene (Spurlock's home) of federal and state officials which gave rise to the plain view sighting of the two rifles and the shotgun and the discovery of the pistol during execution of the search warrant.
 
 
 2
 The warrant had been issued by an Arkansas state court and was executed by a county magistrate.
 
 
 3
 A review of the warrant and the record in the case satisfies us that the warrant was adequately based on probable cause. The supporting affidavit, among other things, alleged that for several years Spurlock had been known to be involved in the distribution of drugs and had no visible means of support other than drug activities. It was also alleged that he traveled between Arkansas and South Carolina for the purpose of transporting and delivering drugs, primarily cocaine. Interception of telephonic communications revealed that Spurlock was contacting conspirators interested in cocaine. Those sworn statements alone, to say nothing of additional statements under oath submitted to the magistrate, gave ample probable cause for the issuance of the warrant.
 
 
 4
 That decision by us ends tbe case inasmuch as location of the pistol was the result of a proper search and the other three firearms were either in plain view or in places which the Government agents could properly examine as the result of the warrant, See Coolidge v. New Hampshire, 403 U.S. 443 (1971).
 
 
 5
 All too often the question under the Fourth Amendment is why did not the police authorities secure a warrant prior to an arrest or a search. That question often presents tangled issues. Where, as here, the police have properly sought a warrant, the warrant is possessed of a strong presumption of legitimacy. See Illinois v. Gates, 462 U.S. 213 (1983); United States v. Ventresca, 380 U.S. 102 (1965).
 
 
 6
 Disposing of the case on the grounds heretofore mentioned makes it unnecessary for us to consider the additional contention of the Government under United States v. Leon, 468 U.S. 897 (1984), based on the good-faith exception to the exclusionary rule.
 
 
 7
 AFFIRMED.